IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID ANTHONY LOCKHART, Jr.**                                                    **PLAINTIFF**

vs.                                                    **CIVIL ACTION No.: 3:23-CV-499-HTW-LGI**

**LIEUTENANT UNKNOWN MCDONALD, CAPTAIN
UNKNOWN PHILLIPS, ASSISTANT WARDEN
UNKNOWN GENTRY, WARDEN BAYSORE,
COMPLEX WARDEN UNKNOWN COLBERT**                      **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THIS COURT** is ECF No. 54, a Report and Recommendation entered in this matter by Magistrate Judge LaKeysha Greer Isaac on August 30, 2024. Therein, Magistrate Judge Isaac recommends that this Court grant ECF No. 50, Defendants' motion to dismiss this action. Magistrate Judge Isaac notified the parties of their right to object and warned that:

> [T]he failure to file timely written objections to the proposed findings, conclusions, and recommendations [in the] report and recommendation, shall bar [a] party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.

ECF No. 54 at 8 (citing 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).

Plaintiff Lockhart, pro se, filed an objection to Magistrate Judge Isaac's Report and Recommendation on September 23, 2024. ECF No. 55.[1] Lockhart does not object to any of the

---

[1] This Court will consider Lockhart's objection, although it is untimely. This Court often affords leeway to parties proceeding pro se, particularly those imprisoned, because of expected delays in correctional facilities' mailing systems. Lockhart is confined at Federal Correctional Institution, La Tuna, in New Mexico and has averred that he did not receive Magistrate Judge Isaac's Report and Recommendation until September 4. ECF No. 55. His objection is postmarked September 18.

substantive findings or conclusions in Magistrate Judge Isaac's Report and Recommendation. Rather, Lockhart objects because he "believes the Magistrate Judge is in error to consider the Defendants['] motion[.]" *Id.* at 1. Lockhart claims that, based on when the Defendants were served, the Defendants failed to file their initial response, here, the instant motion to dismiss, within the "60 (sixty) days"[2] allotted by the Federal Rules of Civil Procedure. *Id.* Specifically, he relays a statement from the docket that "the Defendants were served on January 29, 2024," and notes that the Defendants did not file their "response to the summons until May 28, 2024." *Id.* at 1. He explains that this supposedly "untimely motion is the basis for [Lockhart's] objection." *Id.* at 2. This Court thus reviews de novo the issue of the timeliness of Defendants' motion—and adopts the remaining factual and legal findings of Magistrate Judge Isaac's Report and Recommendation, which appear sound and well-reasoned, without distended discussion.[3]

Lockhart has raised this concern of untimely response twice before. ECF Nos. 45,[4] 52. Magistrate Judge Isaac has explained that "Defendants' Answer deadline was incorrectly noted on the docket as April 19, 2024" and "Defendants' motion was timely filed on May 28, 2024," but

---

[2] "A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later." Fed. R. Civ. P. 12(a)(3). "By definition, *Bivens* suits," like Lockhart's (*see* ECF No. 26 (citing 403 U.S. 388 (1971))), "are individual capacity suits[.]" *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016).

[3] "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

[4] On April 1, 2024, Lockhart filed a "[r]equest for summary [j]udgment," alleging that Defendants had not timely responded, seemingly seeking judgment based on Defendants' putative default. ECF No. 45. Magistrate Judge Isaac, on May 1, 2024, entered a text-only order denying this request, as "the time for Defendants to respond to the Complaint ha[d] not yet expired." To the extent necessary, this Court has reviewed the relevant documents and herein adopts Magistrate Judge Isaac's text-only order and denies Lockhart's motion.

has not explicitly addressed Lockhart's apparent assumption that the Defendants were served in January or February. ECF No. 54 at 1 n.2; ECF No. 52 at 2 (Lockhart arguing that "a response should have been filed no later than April 21," even under the "60 days" rule). After its review, this Court still concurs with Magistrate Judge Isaac that, despite clerical errors on the docket report, Defendants' motion was timely.

Magistrate Judge Isaac, on January 25, 2024, after "liberal review" of Lockhart's complaint, "determine[d] that process [should] issue for the Defendants." ECF No. 30 at 1. Lockhart was previously granted leave to proceed in forma pauperis, *see* ECF No. 25; Magistrate Judge Isaac thus ordered that the Clerk of Court issue summons and directed the United States Marshal to "serve the Defendants in accordance with Rule 4(i)(3) of the Federal Rules of Civil Procedure"[5] and file a return "on or before February 26, 2024."[6] ECF No. 30 at 1–2. Magistrate Judge Isaac also ordered the Clerk of Court to "serve the United States" by mailing the summons and complaint to the Civil Process Clerk for the United States Attorney for the Southern District

---

[5] "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

The United States may be served by "(ii) send[ing] a copy of [the summons and of the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the action challenges an order of a nonparty agency or officer of the United States, send[ing] a copy of each by registered or certified mail to the agency or officer." Fed. R. Civ. P. 4(i)(1)(ii).

Rules 4(f) and 4(g)—which deal with serving individuals in foreign countries and serving minors or incompetent persons, respectively—are inapplicable here. Fed. R. Civ. P. 4(f)–(g). Process may be served under Rule 4(e) including, as the United States Marshal did here, by "delivering a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e); ECF No. 44.

[6] This Court notes that the Marshal unsuccessfully attempted to serve the Defendants by February 26, 2024, and initially returned the summonses "unexecuted." ECF Nos. 36–40.

of Mississippi and to the Attorney General of the United States. *Id.* The Clerk of Court issued summonses that same day. ECF No. 31.

The docket sheet, of which Lockhart received a "free copy" in mid-March, includes two entries with incorrect docket text. The first entry, on January 29, 2024, reads:

> ACKNOWLEDGMENT OF SERVICE Executed by Civil Process Clerk as to D. Baysore served on 1/26/2024, answer due 2/15/2024; Unknown Colbert served on 1/26/2024, answer due 2/15/2024; Unknown Gentry served on 1/26/2024, answer due 2/15/2024; Unknown McDonald served on 1/26/2024, answer due 2/15/2024; Unknown Phillips served on 1/26/2024, answer due 2/15/2024.

The corresponding document to this entry, however, simply is a Return Receipt, showing that the Civil Process Clerk for the United States Attorney's office received Certified Mail on January 26, 2024. ECF No. 32. Similarly, the second entry, on February 26, 2024, reads:

> ACKNOWLEDGMENT OF SERVICE Executed by Attorney General as to D. Baysore served on 2/20/2024, answer due 3/11/2024; Unknown Colbert served on 2/20/2024, answer due 3/11/2024; Unknown Gentry served on 2/20/2024, answer due 3/11/2024; Unknown McDonald served on 2/20/2024, answer due 3/11/2024; Unknown Phillips served on 2/20/2024, answer due 3/11/2024.

This document, too, does not match the entry, and is a Return Receipt showing that the Attorney General received Certified Mail on February 20, 2024. ECF No. 35.

Finally—attached to a March 29, 2024, entry stating that the summonses have "returned executed"— "Process Receipt and Return(s)" appear on the docket, reflecting that the Defendants were served on March 29, 2024. ECF No. 44. Thus, Defendants' response deadline was May 28, 2024, and Defendants' motion to dismiss was timely.[7]

---

[7] The corresponding docket entry incorrectly states that Defendants' response deadline was April 19, 2024, twenty-one (21) days after service, which would be the standard response period for a suit against non-government parties. *Compare* Fed. R. Civ. P. 12(a)(1), *with* Fed. R. Civ. P. 12(a)(3). Lockhart acknowledges that the period is 60 days here. ECF Nos. 55 at 1, 52 at 2.

**IT IS ORDERED** that:

Having conducted a de novo review pursuant to Lockhart's objection, this Court **ADOPTS** Magistrate Judge Isaac's Report and Recommendation, ECF No. 54, **GRANTS** Defendants' motion to dismiss, or, in the alternative, for summary judgment, ECF No. 50, and **DISMISSES** this matter without prejudice.

To the extent necessary, this Court also **ADOPTS** Magistrate Judge Isaac's text-only order of May 1, 2024, and **DENIES** Lockhart's "request for summary judgment," ECF No. 45, which also was based on the incorrect premise that Defendants had not timely responded to his complaint.

This Court **DIRECTS** the Clerk of Court to mail a copy of this order and the corresponding Final Judgment to Lockhart at the address indicated on the docket.

**SO ORDERED AND ADJUDGED** this the  24th  day of      January     , 2025.

/s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**